# No. 4709.

## Court of Appeal, Parish of Orleans.

## THOS. EGGERSON, ET AL, VS. LIVAUDAIS ANCAR.

1. No particular form of deed, or deed at all, is necessary for the dedication of land for cemetery purposes. It suffices that th eowner permits the land to be used for burial purposes with the intention of making the dedication.

2. Dedications to public use, and servitudes in favor of the public, are not governed by the strict rules which apply to private property and transactions between individuals. The visible signs of a dedication, and open use of the property by the public, supply the place of both title and registry.

3. Those whose relatives lie buried in a graveyard have sufficient interest to maintain an action against one who seeks to disturb the graves therein and convert the land to other uses.

Appeal from the Twenty-ninth Judicial District Court for the Parish of Plaquemines.

A. E. & O. S. Livaudais, for Plaintiff and Appellant.

Jas. Wilkinson, for Defendant and Appellee.

ST. PAUL, J.   New Texas is a small unincorporated settlement of colored people in the Parish of Plaquemines.

On January 1st, 1892, Rachel Fisher, who owned a piece of land near the middle of the settlement, executed an act under private signature, the purport of which, as we understand it, was that she donated to the people of New Texas settlement and set aside for their use perpetually a small portion of her land to be used as a graveyard or cemetery, together with a lane leading thereto from the public road. Each head of a family was to pay her annually in advance whilst she lived, the sum of fifty cents per annum for the privilege of using same, the privilege to be forfeited by those failing to make the payment promptly.

After her death the payments were to cease and the land remain a graveyard for the inhabitants of New Texas settlement free from further charge or burden whatsoever.

This act was accepted for the people of New Texas by one Thomas Eggerson, and was recorded in the mortgage books of Plaquemines Parish, but was never registered in the conveyance books.

From that time until the death of Rachel Fisher, which took place some years afterwards, the place was used constantly by the people of New Texas for burying their dead. Some heads of families paid her and some did not, but she seems to have been satisfied, for we hear of no complaint on her part.

Afterwards the land formerly belonging to her was sold to the Haspel & Davis Milling and Planting Company, who in turn sold it to defendant.

Some months after purchasing the land and shortly before this suit was filed, defendant denied the right of the people of New Texas to the use of this place and warned them off, claiming the land as his. The present suit is to compel him to recognize the place as a graveyard and for damages for the destruction of trees and fences and for the wanton invasion of plaintiff's rights.

This action is brought by eight plaintiffs who declare themselves to be residents of New Texas, but curiously enough excepting an admission it would appear that none of them are residents of that place. In the same curious manner, however, it appears that each of them was once a resident of that place and has a large number of near relatives, father, mother, wife and brother, buried in this same graveyard.

We are of opinion that this gives them as much interest in this litigation and right to stand in judgment herein as if they were still residents of New Texas (which we believe them to be, in fact).

We have already stated our understanding of the document executed by Rachel Fisher. That document was a grant *in presenti* with the right reserved to the grantor during her life-time to exclude from the benefits thereon those heads of families who might not pay her the stipulated amount each year. Whether or not she ever availed herself of this right does not appear, but the right ceased with her death.

We think this act evidenced a clear purpose on the part of Rachel Fisher to dedicate the land as a permanent place of burial for the people of New Texas settlement, and when this was followed by the actual use of the land for that purpose, the dedication was complete.

No particular form of deed was necessary for such a dedication. We do not think that any deed at all was necessary. The mere fact of setting aside the land as a graveyard and

permitting its use for burial purposes was in our opinion sufficient to constitute a valid dedication.

Nor was it necessary that the dedication be registered. Dedications to public use, and servitudes in favor of the public, are not regulated by the strict rules which govern private property and transactions between individuals. The visible signs of such dedication and open use of the property by the public afford ample notice and protection to all, and supply the place of both title and registry.

As to the claim for damages we do not think that plaintiffs have proved any special damages. When this suit was filed defendant had not as yet disturbed the graveyard, but had merely warned persons off the land. A few scrub trees and some pickets, remains of what had once been a fence alongside the lane, were taken away, and the lane was plowed over, which does not seem to have injured it. But plaintiffs should be allowed something for defendant's wanton disregard of their rights. However, as plaintiffs' counsel has admitted from the bar that since the filing of this suit and pending its determination, defendant has permitted free access to the cemetery, we are of opinion that an allowance of fifty dollars will suffice.

It is therefore ordered that the judgment of the district court be reversed, and it is now ordered that there be judgment in favor of plaintiffs: Thos| Eggerson, Baptiste Williams, H. L. Robertson, Ben Williams, Careful Johnson, Chester Davis, Simon Turner and Thomas Turner, and against the defendant Livaudais Ancar, recognizing the hereinafter described land as a graveyard forever set aside for the people of New Texas as a burying ground, and enjoining said defendant from interfering with petitioners' exercise of their rights to said graveyard, to-wit: A portion of ground situated on the property formerly belonging to Rachel Fisher, in New Texas settlement, Parish of Plaquemines, taken from the lower part thereof about two acres from the public road and measuring ninety-six feet front towards the Mississippi River, and ninety-six feet in depth along the lower line of said property of Rachel Fisher, together with also a lane twelve feet wide running from said graveyard to the public road. It is further ordered that plaintiffs have judgment against defendant for the sum of fifty dollars, with interest from this date, and costs of both courts.

June 21, 1909.

## ON APPLICATION FOR REHEARING.

Te court having considered the grounds urged herein sees no reason to change the views originally expressed. The call in warranty was not overlooked, but the court was and is of opinion that no notice could be taken thereof for the reason that defendant and warrantor being appellee, no amendment of judgment could be made as between them.

Rehearing refused.

June 29, 1909.

Writ refused by Supreme Court, October 13, 1909.